**Bill CHAPMAN, Jr.; Lisa Chapman,
Plaintiffs–Appellants,**

v.

**JP MORGAN CHASE BANK, et
al., Defendants–Appellees.**

No. 13–6562.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2015.

Before: SILER and ROGERS, Circuit
Judges; GRAHAM, District Judge.*

### ORDER

Bill Chapman, Jr., and Lisa Chapman
(collectively, the Chapmans), Tennessee
citizens represented by counsel, appeal the
district court's dismissal of their complaint
challenging the foreclosure of a mortgage
on their home. The parties have waived
oral argument, and this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

In June 2012, the Chapmans filed a complaint raising various causes of action
against JP Morgan Chase Bank, N.A. (JP
Morgan); Chase Home Finance, LLC
(Chase); Wilson and Associates, PLLC (W
& A); Wells Fargo Bank, N.A. (Wells
Fargo); and Mortgage Electronic Registration Systems (MERS), in an attempt to
prevent the foreclosure of a mortgage on

their home. In their first amended complaint, the Chapmans asserted that they
obtained a mortgage through AmSouth
Bank to purchase a new home and signed
a deed of trust through AmSouth's nominee, MERS. They stated that, subsequently, Beth Cottrell, signing as "Vice President of MERS," attempted to assign the
deed of trust to Chase in February 2010.
They asserted that both Chase and W & A
told the Chapmans that the note and deed
of trust had been transferred to a public
security managed by Wells Fargo and that
W & A, on behalf of JP Morgan and
Chase, attempted to collect on the mortgage note. The Chapmans sought an injunction to prevent the defendants from
foreclosing on their home because it was
unclear which party, if any, had the right
to do so. For the same reason, they (1)
argued that JP Morgan and Chase violated
the mortgage agreement by appointing W
& A to foreclose on the property; (2)
sought to quiet title; (3) requested a declaratory judgment regarding the respective rights of the parties; and (4) claimed
that the defendants were "debt collectors"
who had violated the Fair Debt Collection
Practices Act (FDCPA), 15 U.S.C. § 1692f.
They challenged the defendants' right to
foreclose on the property, largely on the
ground that the attempted assignment of
the deed of trust by Cottrell was invalid
because she was an employee of Chase and
not MERS, and she was not authorized to
execute the transfer to Chase due to a
conflict of interest.

The parties stipulated to the dismissal of
W & A, and the remaining defendants
moved for summary judgment. The district court granted the defendants' motion
for summary judgment and entered judg-

---

* The Honorable James L. Graham, United
States District Judge for the Southern District

of Ohio, sitting by designation.

ment in favor of the defendants. The Chapmans filed a timely notice of appeal.

The Chapmans argue on appeal that the defendants lacked authority to foreclose on their home because (1) Cottrell did not properly transfer the deed of trust insofar as she did not have the note in her possession and instead had only an electronic copy; and (2) the transfer of the deed of trust by Cottrell was not supported by consideration.

We review de novo a district court's grant of summary judgment. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir.2010). A court properly grants summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

The Chapmans do not argue, as they did in their complaint, that Cottrell's transfer of the deed of trust from MERS to Chase was unauthorized due to a conflict of interest. Accordingly, they have abandoned this issue. *See Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir.2006).

The Chapmans argue instead, for the first time on appeal, that the deed of trust was void because Cottrell did not have the note in her possession during the assignment of the deed of trust and instead had only an electronic copy of the note, and thus the transfer documents were invalid. We need not consider arguments raised for the first time on appeal. *See Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir.2012).

In any event, the Chapmans have not established that either this argument or their argument that the transfer of the deed of trust from MERS to Chase was invalid because it was not accompanied by consideration is meritorious. The Chapmans have cited no legal authority that supports these arguments. Moreover, in their response to the defendants' motion for summary judgment, the Chapmans did not dispute that the defendants might be entitled to collect on the note without the deed of trust. As the Chapmans admit, in Tennessee, a deed of trust is inseparable from the note and automatically follows the transfer of the note. *See* Tenn.Code Ann. § 47–9–308(e) (stating that the perfection of a security interest in a right to payment also perfects a security interest in a mortgage securing the right); *Dauenhauer v. Bank of N.Y. Mellon*, 562 Fed. Appx. 473, 479 (6th Cir.2014) (citing *W.C. Early Co. v. Williams*, 135 Tenn. 249, 186 S.W. 102, 103 (1916)); *Dickerson v. Regions Bank*, No. M2012–01415–COA–R3–CV, 2014 WL 1118076, at *8 (Tenn.Ct.App. Mar. 19, 2014). Although the Chapmans cite *Carpenter v. Longan*, 83 U.S. 271, 274, 16 Wall. 271, 21 L.Ed. 313 (1872), in support of their argument, *Carpenter* likewise holds that an assigned note carries with it the mortgage lien.

The Chapmans have conceded that their failure to make payments on their mortgage since 2009 was a default on the loan. They also do not dispute that their initial deed of trust with AmSouth was enforceable. In light of the foregoing, the Chapmans have not established that there was a genuine issue of material fact regarding the defendants' entitlement to foreclose on the mortgage on their home.

Accordingly, the district court's judgment is affirmed.